OLIVER K. DAY, as trustee of Frank E. Hopping, bankrupt,
complainant-appellant,

v.

WALLACE V. HOPPING and FRANK E. HOPPING, defendants
respondents.

[Argued November 22d, 1923.  Decided March 3d, 1924.]

1. Express testimony cannot be rejected on the sole ground of its
improbability.

2. The testimony of a competent witness cannot be capriciously
rejected.  Some good reason must appear for such action, as, for
example, that his story is inherently improbable, or that it is con-
tradicted by some other testimony or by some proven fact or cir-
cumstances, or by testimony impeaching his truth and veracity.

On appeal from a decree advised by Vice-Chancellor
Fielder, dismissing complainant's bill of complaint.

*Mr. Charles A. Rathbun,* for the appellant.

*Messrs. Vreeland & Wilson,* for the respondent Wallace V.
Hopping.

*Messrs. King & Vogl,* for the respondent Frank Hopping.

PER CURIAM.

The bill of complaint filed in this case seeks to set aside
a conveyance made on December 20th, 1921, by Frank E.
Hopping, to his brother Wallace Hopping, conveying to the
latter certain real property in Hanover township, Morris
county, upon the ground that the conveyance was made for
the purpose of hindering and defeating the creditors of
Frank E. Hopping, and in particular Wilfred E. Petry and
Livingston Petry, judgment creditors, and that such convey-
ance was without valuable and sufficient consideration.

The facts which controlled the action taken by the vice-chancellor are fully set forth in his opinion, and we concur in the result reached by him thereon.

The principal attack made on the soundness of the decree in the court below is that the testimony given by Wallace V. Hopping and his brother in support of the *bona fides* of the transaction between them is improbable and, for the reason suggested, should have been disregarded by the vice-chancellor, and should likewise be disregarded here in considering the merits of the case.

This contention is without legal support. In *Berckmans* v. *Berckmans, 16 N. J. Eq. 122,* Chancellor Green (at *p. 127*) states the legal rule thus: "Express testimony cannot be rejected on the sole ground of its improbability." This case was affirmed by this court in *17 N..J. Eq. 453.*

We said, in *Baldauf* v. *Russell, 88 N. J. Law 303* (at *p. 306*), the following: "It is true that the trial judge certifies that, after the cross-examination of the witness, he concluded that his testimony was unworthy of belief. But the testimony of a competent witness cannot be capriciously rejected. There must appear some good reason for such action, as, for example, that his story was inherently improbable, or that it was contradicted by some other testimony or by some proven fact or circumstances, or by testimony impeaching his truth and veracity."

We are unable to detect anything inherently improbable in the testimony given by the respondents, and therefore conclude that the learned vice-chancellor did not err in refusing to reject their statements in his consideration of the cause before him.

The decree is affirmed, with costs.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK. CLARK—8.

*For reversal*—PARKER, MINTURN—2.